# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO T. SIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-235-LJM-MJD |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Again Directing Further Proceedings**

The petitioner's motion for an evidentiary hearing [dkt 9] is **denied for the present.**

Antonio Sims is a state inmate who challenges his custody arising out of his conviction of carjacking in No. 49G05-0706-FB-112381. The decision in *Sims v. State*, 893 N.E.2d 778 (Ind. Ct.App. 2008), identifies some circumstances associated with his conviction. His habeas petition relates that in February 2015 a judgment of conviction was again entered in the case. Public records show that Sims' direct appeal from that conviction is pending in the Indiana Court of Appeals as No. 49A05-1605-CR-01047. That appeal is shown as having been filed on May 9, 2016, which was a mere 9 days before the habeas petition in this action was prepared on May 18, 2016.

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). It is the petitioner's burden to prove that he fully exhausted all state court remedies prior to filing his petition in federal court. 28 U.S.C. § 2254(b)(1). This means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).

The petitioner's motion for an evidentiary hearing referenced above delivers the theme that Sims would like to establish cause and prejudice. But such an inquiry is sensible only if it is know what claims have been presented to the state courts, what claims in the habeas action were not properly presented to the state courts, and what circumstances exist which might warrant the federal habeas court reaching the merits of claims that have not been properly presented. In this case, Sims' filings do not begin to provide that basic information.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

Based on the foregoing, and in light of the need for greater clarity in the matter--*Habeas Corpus* Rule 2(c) provides that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"—the petitioner shall have **through August 1, 2016** in which to **file a further supplement** to his petition for writ of habeas corpus, and in such document shall clearly identify each claim on which he seeks relief in this action, shall state the facts supporting each claim, and as to each claim shall state whether it was decided on the merits by the Indiana state courts.

IT IS SO ORDERED.

Date: __7/12/2016__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached

Distribution:

ANTONIO T. SIMS
120616
WABASH VALLEY CORRECTIONAL FACILITY-
Electronic Service Participant-Court Only